MARY BOYLE, AS ADMINISTRATRIX, ETC., OF WILLIAM M. KILDUFF, DECEASED, RESPONDENT, *v.* BESSIE B. ST. JOHN, AS EXECUTRIX, ETC., APPELLANT, IMPLEADED WITH LEVI C. BISHOP AND OTHERS.

*Administrators' bond—right of one administrator, after the removal of his coadministrator, to sue the sureties upon the bond on which he is an obligor— Code of Civil Procedure, secs.* 2608, 2609 *and* 2692.

The plaintiff and one Erlacher having been appointed administrators of the estate of one Kilduff, joined with Catharine Kilduff and S. R. St. John, as sureties, in executing a joint and several bond, conditioned for the faithful execution of the trusts reposed in them by law. Erlacher having misappropriated the funds of the estate was removed by the surrogate and adjudged to pay the amount of $8,732.24.

*Held,* that although the plaintiff was a party to the bond she might, as the remaining representative of the estate, bring an action upon it and recover from the sureties the full amount which Erlacher had been directed to pay.

That any individual liability of the plaintiff upon the bond must be enforced by the sureties in an action for contribution.

APPEAL from an order overruling the demurrer of the defendant Bessie B. St. John, executrix, to the complaint in this action, and from the judgment entered thereon.

William M. Kilduff died intestate, May 30, 1879. The plaintiff Boyle and one Erlacher were appointed by the surrogate of Kings county administrator and administratrix of his estate on July 10, 1879, and qualified as such.

The plaintiff and Erlacher gave the usual administrator's bond, Samuel R. St. John and Catharine Kilduff joining as sureties.

On March 18, 1880, Erlacher was removed as administrator and his letters revoked, leaving the plaintiff the sole administrator.

A decree was made on January 19, 1881, charging Erlacher with a balance of $8,732.24, which he was directed to pay over to plaintiff.

The defendant, executrix of the will of St. John, demurred to the complaint on the grounds that plaintiff had not legal capacity to sue; that there was a defect of parties owing to the non-joinder of Mary Boyle as defendant, and that the complaint did not state facts sufficient to constitute a cause of action.

*Adrian H. Joline,* for the appellant.

*W. D. Veeder,* for the respondent.

BARNARD, P. J.:

The plaintiff is not a necessary party defendant. She was appointed, with one Erlacher, administrator of William M. Kilduff. The two administrators executed a bond with Catharine Kilduff and Samuel R. St. John as sureties for the faithful execution of the trust reposed in them by law. Erlacher made a misappropriation of the funds of the estate. He was removed as administrator, and upon accounting was adjudged to pay the amount of the default, being $8,732.24. The bond was a joint and several bond, and if it had been held by one who had not signed it, suit could have been brought against either or all of the sureties. The principal question, therefore, is whether the plaintiff has, under the circumstances, legal capacity to sue. There seems to be no other remedy under the Code. By section 2605 of the Code of Civil Procedure, the surrogate may remove an executor or administrator, and settle his account.

By section 2692, no successor of Erlacher could be appointed, except when such an appointment is "necessary." The remaining administrator was to complete the administration.

By section 2608, where an administrator is removed, the full extent of the injury to the estate may be recovered by the successor upon the official bond of the administrator so removed. ·

By section 2609, when there is no successor appointed, any person injured may sue the official bond and recover the whole "extent of any injury" and pay it to the surrogate.

By these sections the plaintiff is really the estate. Mrs. Boyle is but a name used by the law to recover the money misappropriated by Erlacher. She is the person in whose favor the decree is made, and must be the plaintiff to recover the amount. (Code of Civ. Pro., § 2607.)

If Mrs. Boyle is liable herself as an individual upon the bond, the sureties have an action for contribution against her. Her liability cannot be asserted in this action, because the estate is entitled to the whole default from either one of the signers of the

bond. She is the proper legal plaintiff, and the defendants are each liable to the whole amount as against the estate. There does not seem to be any dispute as to the facts.

The claim is made out by judicial decree and is final as against the obligors to the bond. (*Scofield* v. *Churchill*, 72 N. Y., 565.)

The judgment should, therefore, be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment and order overruling demurrer by Bessie B. St. John affirmed, with costs.